LEONARD G. KRUP
State Bar No. 49572
510 W. Wood Street
Willows, CA  95988
(530) 798-5022 Telephone
(530) 934-8090 Facsimile

DENNIS HALSEY, ESQ., SBN 66091
MICHAEL HALSEY, ESQ., SBN 274071
State Bar No. 66091
9 Highland Circle
Chico, CA 95926
(530) 345-1976 Telephone

Attorneys for Defendant
DARREN DICHARRY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENEANE SHELLABARGER; and KENNETH POTTER, | Case No.: 2:13 – CV-00188-TLN-CMK |
| Plaintiffs | ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT DARREN DICHARRY |
| vs. | |
| DARRIN DICHARRY; KEVIN HALE; RAY MARTINEZ; CITY OF RED BLUFF; and DOES 1 through 10, Inclusive, | |
| Defendants. | |

Defendant DARREN DICHARRY (incorrectly identified as DARRIN

DICHARRY) answers plaintiffs' Complaint as follows:


   1.      This answering defendant admits the allegations of paragraphs 1-3, 6, 25-26, and

48 of the First Amended Complaint.

2.      This answering defendant denies the allegations contained in paragraphs Introduction, 27, 29, 38-41, 44-46, 49, 51, and 59-62 of the First Amended Complaint.

3.      This answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 4-5, 9-17, 21-23, 31-36, 39, 42, and 52-57 of the First Amended Complaint and on that basis deny each and every allegation contained herein.

4.      Answering paragraph 7 of the First Amended Complaint, this answering defendant admits that his name is Darren Dicharry, and at all times mentioned in the Complaint, he was employed as a Deputy Sheriff in the Glenn County Sheriff's Department. Except as expressly admitted, this answering defendant denies the remaining allegations of paragraph 7.

5.      Answering paragraph 8 of the First Amended Complaint, this answering Defendant admits that at all times mentioned in this Complaint Officer Kevin Hale was an employee of the Defendant City of Red Bluff. Except as expressly admitted, this answering defendant denies the remaining allegations of paragraph 8.

6.      Answering paragraph 18 of the First Amended Complaint, this answering defendant admits that a search warrant had been issued authorizing a search of the residence at 21179 Luther Road, Red Bluff, CA along with a second residence at the same address. Except as expressly admitted, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 18 and on that basis denies each and every remaining allegation contained therein.

7.      Answering paragraph 19 of the First Amended Complaint, this answering defendant admits that the search warrant authorized the seizure of methamphetamine and narcotic paraphernalia. Except as expressly admitted, this answering defendant is without

sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph number 19 and on that basis denies each and every remaining allegation contained therein.

8.      Answering paragraph 20 of the First Amended Complaint, this answering defendant admits that on March 24, 2011 he attended a briefing concerning a search warrant and the execution of a search warrant at the premises of 21179 Luther Road, Red Bluff, CA. Except as expressly admitted, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20 and on that basis denies each and every remaining allegation contained therein.

9.      Answering paragraph 24 of the First Amended Complaint, this answering defendant admits that at a briefing he received a description of the residences at 21179 Luther Road, Red Bluff, CA. Except as expressly admitted, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24 and on that basis denies each and every remaining allegation contained therein.

10.     Answering paragraph 28 of the First Amended Complaint admits that upon entry into the residence in execution of the search warrant a pit bull charged to attack the entry team and in self-defense and for officer safety, the very large pit bull was shot and did die.

11.     Answering paragraph 30 of the First Amended Complaint, this answering defendant admits that Plaintiff Potter was arrested and handcuffed on March 24, 2011. Except as expressly admitted, this answering defendant denies the remaining allegations of paragraph 30.

12.     Answering paragraph 37 of the First Amended Complaint, this answering defendant refers to and incorporates herein by this reference his answers to paragraphs 1-36 of the First Amended Complaint.

13.     Answering paragraph 43 of the First Amended Complaint, this answering defendant admits that he attended a briefing in preparation for the execution of the search warrant. Except as expressly admitted, this answering defendant denies the remainder of the allegations of paragraph 43 of the First Amended Complaint.

14.     Answering paragraph 47 of the First Amended Complaint, this answering defendant admits that a "flash bang" device was detonated in the backyard area of the search premises. Except as expressly admitted, this answering defendant denies the remaining allegations of paragraph 47 of the First Amended Complaint.

15.     Answering paragraph 50 of the First Amended Complaint, this answering defendant refers to and incorporates by this reference his answers to paragraphs 1-49 of the First Amended Complaint.

16.     Answering paragraph 58 of the First Amended Complaint, this answering defendant refers to and incorporates by this reference his answers to paragraphs 1-57 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES TO ALL CLAIMS

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint, and each and every claim contained therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This answering defendant alleges that the search of plaintiffs' premises was pursuant to a duly issued and lawful search warrant.

///

### THIRD AFFIRMATIVE DEFENSE

This answering defendant alleges that the arrest described in plaintiffs' First Amended Complaint was lawful and was made with probable cause.

### FOURTH AFFIRMATIVE DEFENSE

This answering defendant alleges that any and all force used to effectuate the enforcement of the search warrant and Plaintiff Potter's arrest was reasonable and necessary under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that all acts by this answering defendant complained of in plaintiff's First Amended Complaint were objectively reasonable, necessary, in good faith, and done in the defense of self or others.

### SIXTH AFFIRMATIVE DEFENSE

This answering defendant alleges that Plaintiff Potter was in fact guilty of the offenses for which he was arrested and pled guilty to possession of marijuana and possession of paraphernalia pursuant to a plea bargain and was punished therefore.

### SEVENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that the filing of criminal charges against Plaintiff Potter by the Tehama County District Attorney created a presumption of the exercise of independent judgment, including in the determination of probable cause for the arrest. Based upon such presumption, this answering defendant alleges immunity from all claims in plaintiffs' Complaint concerning the arrest and any ill effects or damages concerning the arrest alleged to have been sustained by plaintiff.

///

EIGHTH AFFIRMATIVE DEFENSE

This answering defendant alleges that plaintiff has failed to meet the threshold requirement of showing a deprivation of right secured by the Constitution or federal laws and caused by an affirmative act or omission by defendants.

NINTH AFFIRMATIVE DEFENSE

This answering defendant has not subjected nor caused plaintiff to be subjected to a deprivation of a constitutionally protected interest without due process of law.

TENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that no acts or omissions of this answering defendant were with discriminatory intent, purpose, or motive, and thus, plaintiff was not subject to a deprivation of equal protection of the law.

ELEVENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that, pursuant to the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and as followed by the Ninth Circuit in *Cunningham v. Gates*, 312 F. 3d 1148 (9th Cir. 2002), all of plaintiffs' 42 U.S.C. § 1983 claims are barred.

TWELFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that he is immune from liability in that his conduct was objectively reasonable in light of the existing legal principles governing the particular area in question, and thus, he is entitled to qualified immunity as established in *Harlow vs. Fitzgerald*, 457 U.S. 800 (1982).

THIRTEENTH AFFIRMATIVE DEFENSE

This answering defendant has not deprived plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States or of the State of California.

## FOURTEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges plaintiff's claims under 42 U.S. C. § 1983 are barred because negligent conduct cannot form the basis of a violation of the Due Process Clause under either substantive or procedural due process nor can negligent conduct form the basis for liability under any of the claims in the First Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that plaintiffs' own conduct estops him from claiming damages alleged in the First Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that plaintiffs had unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that plaintiffs knowingly and voluntarily assumed the risk of his claimed injuries and damages, if any there be.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that any and all damages or injuries complained of by plaintiffs herein are the result of plaintiff's own negligence, intentional acts, or other wrongful conduct, and such negligence, intentional acts or other wrongful acts bars or diminishes plaintiff's right to recovery, if any, wholly or in proportion to fault.

## NINETEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that plaintiff, by his own actions, expressly or impliedly consented to the matters of which plaintiff complains in his First Amended Complaint to the extent they occurred at all.

### TWENTIETH AFFIRMATIVE DEFENSE

This answering defendant alleges that all arrests, searches, and seizures described in plaintiffs' First Amended Complaint were lawful.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This answering defendant alleges that any injuries or damages suffered by plaintiffs were either wholly or in part caused by the negligent acts or omissions of persons or entities other than these answering defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant alleges that any and all force used to make any arrests or to implement the search warrant was reasonable and necessary under the circumstances.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This answering defendant alleges that this action against him is barred by the limitations period for 42 USC § 1983 actions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent plaintiffs' First Amended Complaint sets forth a state claim, this answering defendant alleges that he is immune from liability pursuant to the applicable provisions of the California tort Claims Act, including, but not limited to, Government Code §§ 820, 820.2, 820.4, 820.6, 820.8, 821, 821.6, and 821.8.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiffs' First Amended Complaint sets forth a state claim, this answering defendant alleges that he is immune from liability pursuant to the provisions of California Penal Code §§ 834, 834a, 835, 835a, 836, 836.5, 846, 1523, 1530-1532, California Civil Code § 50.

///

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

This answering defendant incorporates by this reference, and adopts as its own, all affirmative defenses set forth by co-defendants in their answer to the First Amended Complaint.


WHEREFORE, this answering defendant prays that:

      1.     Plaintiff takes nothing by reason of the Complaint herein;

      2.     Judgment be rendered in favor of this answering defendant and against plaintiff;

      3.     The Court award this answering defendant its attorney's fees and costs of suit herein pursuant to 42 U.S.C. § 1988, and F.R.C.P. Rule 11;

      4.     For such other and further relief as the Court may deem just and proper.


Dated: February 25, 2014


                    /s/ Leonard G. Krup
                    LEONARD G. KRUP
                    Attorney for Defendant
                    DARREN DICHARRY

**DEMAND FOR TRIAL BY JURY**

Defendant DARREN DICHARRY demands a trial by jury in this matter.

Dated:  February 25, 2014

/s/ Leonard G. Krup
LEONARD G. KRUP
Attorney for Defendant
DARREN DICHARRY