UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENEANE SHELLABARGER; and KENNETH POTTER,<br><br>Plaintiff,<br><br>v.<br><br>DARREN DICHARRY; KEVIN HALE; RAY MARTINEZ; CITY OF RED BLUFF; and DOES 1 through 10,<br><br>Defendants. | No. 2:13-cv-00188-TLN-CMK<br><br>**ORDER** |

This matter is before the Court on Plaintiffs Jeneane Shellabarger and Kenneth Potter's (hereinafter referred to as "Plaintiffs") Amended Motion to Strike Portions of Defendant Darren Dicharry's ("Defendant") Answer. (Pl.'s Am. Mot. to Strike, ECF No. 31.) Defendant opposes the motion. (Def.'s Opp'n, ECF No. 32.) For the reasons set forth below, Plaintiffs' Motion to Strike is GRANTED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On January 29, 2014, Plaintiffs filed their First Amended Complaint ("FAC") under the Federal Civil Rights Act, 42 U.S.C. § 1983, alleging violations of their Fourth Amendment rights and destruction of personal property. (*See generally* Pls.' First Am. Compl., ECF No. 22.) Based on these violations, Plaintiffs seek declaratory and injunctive relief, general

1

and special damages, attorney fees, and litigation costs. (ECF No. 22 at 8.) Apart from Plaintiffs' claims against other defendants, Plaintiffs bring suit against Defendant, in his individual capacity, for unlawfully shooting and killing their dog. (ECF No. 22 at ¶ 37–49; Pls.' Mot. to Strike, ECF No. 29 at 4.)

On February 25, 2012, Defendant filed his Answer to Plaintiffs' FAC, asserting twenty-six affirmative defenses. (Def.'s Answer, ECF No. 25.) Plaintiffs now move this Court, under Federal Rule of Civil Procedure 12(f), to strike fourteen of those affirmative defenses. (*See* ECF No. 29; ECF No. 31.) Specifically, Plaintiffs move to strike Defendant's Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Thirteenth, Fifteenth, Sixteenth, Seventeenth, Twentieth, Twenty-Fourth, Twenty-Fifth, and Twenty-Sixth Affirmative Defenses. (ECF No. 29.)

In Defendant's Opposition, Defendant offers to stipulate to an order for an Amended Answer, or in the alternative, requests the Court to grant Defendant leave to file an amended answer. (ECF No. 32.) Additionally, Defendant withdraws seven of the contested affirmative defenses, but opposes striking the remaining defenses. (ECF No. 23.) Specifically, Defendant opposes Plaintiffs' Motion to Strike Affirmative Defenses Six, Seven, Eleven, Fifteen, Sixteen, Seventeen, and Twenty-Six. (ECF No. 23.) Accordingly, because Defendant does not oppose the dismissal of Affirmative Defenses Eight, Nine, Ten, Thirteen, Twenty, Twenty-Four, and Twenty-Five, the Court GRANTS Plaintiffs' Motion to Strike with respect to those Affirmative Defenses.

As such, the Court is left to determine whether Affirmative Defenses Six, Seven, Eleven, Fifteen, Sixteen, Seventeen, and Twenty-Six should be stricken, and if so whether Defendant should be granted leave to amend these defenses.

**II.    LEGAL STANDARD**

    **a. Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-*

2

*Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court."  *Id*.  Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2).  If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery.  *See generally Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).

### b. Pleading Standard

Rule 8(c) provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c).  The Ninth Circuit has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)); *accord Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 Fed. Appx. 613, 615 (9th Cir. 2008).  "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense."  *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Conley*, 355 U.S. at 47).  "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'"  *Id.* (quoting *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009).

### III. ANALYSIS

Plaintiffs ask this Court to strike Defendant's Affirmative Defenses Six, Seven, Eleven, Fifteen, Sixteen, Seventeen, and Twenty-Six.  (ECF No. 29; ECF No. 33.)  The Court addresses each of these affirmative defenses in turn.

### a. Affirmative Defenses Six and Seven—Plaintiff Potter's Arrest & Plea Bargain

Plaintiffs move to strike Defendant's Sixth and Seventh Affirmative Defenses on grounds that these defenses are irrelevant to the case against Defendant. (ECF No. 29 at 5–7; ECF No. 33 at 2.) The Court agrees that these affirmative defenses are not relevant.

Defendant's Sixth Affirmative Defense asserts, "Plaintiff Potter was in fact guilty of the offenses for which he was arrested and pled guilty to possession of marijuana and possession of paraphernalia pursuant to a plea bargain and was punished before." (ECF No. 25 at 5.) Defendant's Seventh Affirmative Defense asserts

> [T]he filing of criminal charges against Plaintiff Potter by the Tehama County District Attorney created a presumption of the exercise of independent judgment, including in the determination of probable cause for the arrest. Based upon such presumption, this answering defendant alleges immunity from all claims in plaintiffs' Complaint concerning the arrest and any ill effects or damages concerning the arrest alleged to have been sustained by plaintiff.

(ECF No. 25 at 5.)

The defenses are irrelevant because both defenses involve Plaintiff Potter's arrest, which is not at issue in this case. Plaintiffs themselves admit that they "are *only* alleging a cause of action against Mr. Dicharry for the unlawful killing of plaintiffs' dog, not unlawful arrest." (ECF No. 29 at 5.) Therefore, the defenses concerning Plaintiff Potter's arrest and guilty plea are immaterial to Plaintiffs' claim against Defendant. Accordingly, the Court grants Plaintiffs' Motion to Strike Defendant's Sixth and Seventh Affirmative Defenses without leave to amend.[1]

### b. Affirmative Defense Eleven—*Heck* Bar

Defendant's Eleventh Affirmative Defense asserts that Plaintiffs' claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and followed by *Cunningham v. Gates*, 312 F.3d 1148 (9th Cir. 2002). (ECF No. 25 at 6.) Plaintiffs move to strike this defense, asserting it is irrelevant to this case. (ECF No. 29 at 5–6; ECF No. 33 at 2.) Plaintiffs aver this defense is inapplicable because it involves a plaintiff's burden when suing for malicious

---

[1] In the event that Plaintiffs allege anything other than the unlawful shooting of their dog against Defendant, Plaintiffs will need to amend their Complaint.

4

prosecution after being convicted of a crime, which is not occurring in the instant case. (ECF No. 33 at 2.) Plaintiffs misinterpret Defendant's defense, but the Court, nonetheless, finds that the defense does not apply.

In relevant part, *Heck* prohibits a plaintiff from pursuing a § 1983 claim based on theories that would "necessarily imply the invalidity of his conviction or sentence" unless the underlying conviction has been reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. at 487; *Cunningham*, 312 F.3d at 1153.

*Heck* does not apply because Plaintiffs' suit against Defendant concerns the killing of Plaintiffs' dog—not Plaintiff Potter's conviction.[2] As such, Defendant's Eleventh Affirmative Defense is legally insufficient. Therefore, the Court GRANTS Plaintiffs' Motion to Strike Defendant's Eleventh Affirmative Defense without leave to amend.

### c. Affirmative Defense Fifteen—Estoppel

Plaintiffs move to strike Defendant's Fifteenth Affirmative Defense because it is vague and fails to provide Plaintiffs with notice of the basis for the legal claim. (ECF No. 29 at 8; ECF No. 33 at 3–4.) Defendant's Fifteenth Affirmative Defense alleges, "[P]laintiffs' own conduct estops him from claiming damages alleged in the [FAC]." (ECF No. 25 at 7.) The Court agrees that Defendant's general allegation of estoppel fails to provide Plaintiffs with fair notice. *See also Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

In his Opposition, Defendant explains that Plaintiff Potter is estopped from claiming any damages because he virtually invited a raid and failed to restrain his dogs. (ECF No. 32 at 5.) First, Defendant's allegations in his Opposition do not serve to cure the deficiency in his Answer. Defendant must give Plaintiffs fair notice of his affirmative defenses in his Answer—not in an Opposition to Plaintiffs' Motion filed at some later date. *See* Fed. R. Civ. Proc. 8(c)(1) (requiring a party to state its affirmative defenses in a "responsive pleading"); Fed. R. Civ. Proc. 7(a) (a "pleading" is a complaint, answer to a complaint, answer to a counterclaim

---

[2] Even if Plaintiff Potter's conviction was relevant, *Heck* would not bar Plaintiffs' § 1983 claim because Plaintiff Potter's conviction arises from a plea bargain—not from a trial verdict. *See generally Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011) (holding that *Heck* does not bar § 1983 claims for unreasonable searches where the plaintiff's underlying conviction arises from a no contest or guilty plea, as opposed to a trial verdict).

designated as a counterclaim, answer to a crossclaim, third-party complaint, answer to a third-party complaint, and if ordered by the court, a reply to an answer); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (explaining that anything not listed as a pleading under Rule 7(a) of the Federal Rules of Civil Procedure is a "motion or paper").  Second, even considering Defendant's assertion, he fails to explain how this provides him with a defense and therefore fails to give Plaintiffs fair notice of the defense.  For example, if Defendant is attempting to assert equitable estoppel, three essential elements must be established: (1) the party to be estopped must communicate something in a misleading way, either by words, conduct, or silence; (2) the other party must rely upon that communication; and (3) be harmed materially if the party to be estopped is later permitted to assert any claim inconsistent with his earlier conduct.  *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577 DLJ, 1996 WL 467293, at *9 (N.D. Cal. July 24, 1996) (citing *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992) (en banc)).  Defendant's Answer does not allege facts concerning any of these elements, and therefore it is unclear whether Defendant is even alleging equitable estoppel. Although Defendant does not need to allege facts sufficient to prove that he will ultimately prevail on this defense, he must provide Plaintiffs with fair notice of the nature and grounds of the affirmative defense.

The Court finds that Defendant's estoppel defense fails to provide fair notice to Plaintiffs.  Accordingly, the Court GRANTS Plaintiffs' Motion to Strike Defendant's Fifteenth Affirmative Defense, but will allow Defendant leave to amend his defense.

### d.  Affirmative Defense Sixteen—Unclean Hands

Plaintiffs move to strike Defendant's Sixteenth Affirmative Defense of unclean hands because it is vague and fails to provide Plaintiffs with notice and the basis for the legal claim.  (ECF No. 29 at 8; ECF No. 33 at 3–4.)  The Court agrees with Plaintiffs.

"The doctrine of unclean hands 'bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted.'"  *E & J Gallo Winery v. Grenade Beverage LLC*, No. 1:13-cv-00770-AWI-SAB, 2014 WL 641901, at *4–5 (E.D. Cal.

6

1 Feb. 18, 2014) (quoting *Dollar Sys. Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir.
2 1989)). "In order to apply, the alleged misconduct by the plaintiff must relate directly to the
3 transaction concerning which the complaint is made." *Id*. Under California law, the unclean
4 hands doctrine applies to legal claims as well as equitable claims. *Adler v. Fed. Republic of*
5 *Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000) (citing *Jacobs v. Universal Dev. Corp.*, 53 Cal. App.
6 4th 692, 699 (1997)).

7 Defendant's Sixteenth Affirmative Defense contains no facts explaining why
8 Plaintiffs have unclean hands. (*See* ECF No. 25 at 7.) Although Defendant attempts to add facts
9 in his Opposition,[3] as explained above, Defendant must provide fair notice of the nature and
10 grounds of his defense in his Answer, not in his Opposition. Therefore, the Court finds that
11 Defendant failed to provide Plaintiffs with fair notice. Accordingly, the Court GRANTS
12 Plaintiffs' Motion to Strike Defendant's Sixteenth Affirmative Defense, but will allow Defendant
13 leave to amend his defense.

14 **e. Affirmative Defense Seventeen—Assumption of Risk**

15 Plaintiffs move to strike Defendant's Seventeenth Affirmative Defense because it
16 is vague and fails to provide Plaintiffs with notice and the basis for the legal claim. (ECF No. 29
17 at 8; ECF No. 33 at 3–4.) Defendant's Seventeenth Affirmative Defense alleges that "[P]laintiffs
18 knowingly and voluntarily assumed the risk of his claimed injuries and damages, if any there be."
19 (ECF No. 25 at 7.) The Court agrees that the defense is vague.

20 In determining whether the assumption of risk doctrine applies, courts look at the
21 nature of the activity involved and the role of the person whose conduct is at issue. *Muchhala v.*
22 *Spectrum Admin.*, No. CV-F-05-0863, 2006 WL 2237699, at *3 (E.D. Cal. Aug. 4, 2006) (citing
23 *Knight v. Jewett*, 3 Cal. 4th 296, 313 (1992)). In his Answer, Defendant does not allege any facts
24 concerning the nature of the activity giving rise to the assumption of risk defense. (*See* ECF No.
25 25 at 7.) Defendant attempted to incorporate facts in his Opposition, but as discussed above, this
26 does not provide Plaintiffs with fair notice.[4]

---

27 [3] Defendant claims the unclean hands defense applies because Plaintiff Potter failed to restrain the dogs after the raid had begun. (ECF No. 32 at 5.)
28 [4] Defendant asserts that Plaintiffs created the situation by having drugs and dogs in their residence and therefore

7

Therefore, the Court finds that the assumption of risk defense fails to provide Plaintiffs with fair notice.  As such, the Court GRANTS Plaintiffs' Motion to Strike Defendant's Seventeenth Affirmative Defense, but will allow Defendant leave to amend his defense.

### f.   Affirmative Defense Twenty-Six—Incorporation of All Defenses

Plaintiffs move to strike Defendant's Twenty-Sixth Affirmative Defense because Defendant improperly attempts to incorporate by reference all affirmative defenses set forth by co-defendants in their answer to the FAC. (ECF No. 29 at 8–9; ECF No. 33 at 1–2.)  The Court agrees.

Defendant fails to affirmatively state a defense as required by Rule 8(c) of the Federal Rules of Civil Procedure.  Further, Defendant cites no authority for this defense. (*See generally* ECF No. 25 at 9; ECF No. 32 at 5.)  Accordingly, the Court GRANTS Plaintiffs' Motion to Strike Defendant's Twenty-Sixth Affirmative Defense without leave to amend.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Strike is GRANTED. Accordingly, this Court hereby:

1. GRANTS without leave to amend Plaintiffs' Motion to Strike Affirmative Defenses: Six, Seven, Eleven, Eight, Nine, Ten, Thirteen, Twenty, Twenty-Four, Twenty-Five, and Twenty-Six; and
2. GRANTS with leave to amend Plaintiffs' Motion to Strike Affirmative Defenses: Fifteen, Sixteen, and Seventeen.

IT IS SO ORDERED.

Dated:  November 5, 2014

Troy L. Nunley
United States District Judge

---

assumed the risk of a drug raid.  (ECF No. 32 at 5.)